

1 | STEWART KELLAR, State Bar # 267747
stewart@etrny.com
2 | 470 Third St., Suite 205
San Francisco, CA 94107
3 | (415) 742-2303

4 | Attorney for Plaintiff N5 Technologies, LLC

5

6

7

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**     **EMC**

10

11 | N5 TECHNOLOGIES, LLC,    CV 1 3-80 149 MISC

              Case No

12 |         Plaintiff,

   vs.                        **[PROPOSED] PROTECTIVE ORDER**

13

   CAPITAL ONE, N.A.,
14 | CAPITAL ONE BANK (USA) NATIONAL
   ASSOCIATION,
15 | and
   CAPITAL ONE SERVICES, LLC,
16

      Defendants.
17

18 | **PROTECTIVE ORDER**

19 |      Plaintiff N5 Technologies, LLC ("N5") and Defendants Capital One, N.A., Capital One

20 | Bank (USA) National Association, and Capital One Services, LLC (collectively "Capital One")

21 | anticipate that documents, testimony, and information containing or reflecting confidential

22 | information, proprietary information, trade secrets, and/or commercially sensitive information

23 | are likely to be disclosed or produced during the course of discovery in this litigation and request

24 | that the Court enter this Order setting forth the conditions for treating, obtaining, and using such

25 | information.

1        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

2   cause for the following Protective Order Regarding the Disclosure and Use of Discovery

3   Materials ("Order" or "Protective Order").

4   1.     **PURPOSES AND LIMITATIONS**

5        (a)     Protected Material designated under the terms of this Protective Order shall be

6   used by a Receiving Party solely for this litigation, and shall not be used directly or indirectly for

7   any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in

8   this Order.

9        (b)     The parties acknowledge that this Order does not confer blanket protections on all

10   disclosures during discovery. Designations under this Order shall be made with care and shall

11   not be made absent a good faith belief that the designated material satisfies the criteria set forth

12   below. If it comes to a Producing Party's attention that designated material does not qualify for

13   protection at all, or does not qualify for the level of protection initially asserted, the Producing

14   Party must promptly notify all other parties that it is withdrawing or changing the designation.

15   2.     **DEFINITIONS**

16        (a)     "Discovery Material" means all items or information, or any part thereof,

17   including from any non-party, regardless of the medium or manner generated, stored, or

18   maintained (including, among other things, testimony, transcripts, or tangible things) that are

19   produced, disclosed, or generated in connection with discovery in this matter.

20        (b)     "Outside Counsel" means those attorneys of the law firm Panovia Group LLP,

21   Spangler & Fussell P.C., The Law Office of Craig C. Reilly, Esq., Gibson, Dunn & Crutcher

22   LLP, Paul Hastings LLP, and any other attorneys appearing as counsel of record in this action or

23   who are retained to represent or advise a Party in this action and who are not employees of a

24   Party, and each of their paralegals, support and office staff.

25

1    (c)    "Party" means any party to this action, including all of its officers, directors,

2  employees, consultants, retained experts, and Outside Counsel and their support staffs.

3    (d)    "Producing Party" means any Party or other third-party that discloses or produces

4  any Discovery Material in this action.

5    (e)    "Protected Material" means any Discovery Material that is designated as

6  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

7  "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE" as

8  provided for in this Order.

9    (f)    "Receiving Party" means any Party that receives Discovery Material from a

10  Producing Party.

11    (g)    "Source code" means computer instructions and data definitions expressed in a

12  form suitable for input to an assembler, compiler, other translator, or other data processing

13  module.

14  3.    **COMPUTATION OF TIME**

15    The computation of any period of time prescribed or allowed by this Order shall be

16  governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a)

17  and 6(d).

18  4.    **SCOPE**

19    (a)    The protections conferred by this Order cover not only Discovery Material

20  governed by this Order as addressed herein, but also any information copied or extracted

21  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus pleadings,

22  testimony, conversations, or presentations by parties or their counsel in court or in other settings

23  that might reveal Protected Material.

24    (b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own

25  disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall

1  preclude any Producing Party from showing its Discovery Material to an individual who
2  prepared the Discovery Material.

3  (c)  Nothing in this Order shall be construed to prejudice any Party's right to use any
4  Protected Material in court or in any court filing with consent of the Producing Party or Order of
5  the Court.

6  (d)  This Order is without prejudice to the right of any Producing Party to seek further
7  or additional protection of any Discovery Material or to modify this Order in any way, including,
8  without limitation, an order that certain matter not be produced at all.

9  5.  **DURATION**

10  During the pendency of this action and continuing after the termination thereof, the
11  confidentiality obligations imposed by this Order shall remain in effect until a Producing Party
12  agrees otherwise in writing or a court order otherwise directs.

13  6.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

14  (a)  **Basic Principles.**  All Protected Material shall be used solely for this litigation
15  and the preparation and trial in this case, or any related appellate proceeding, and not for any
16  other purpose whatsoever, including without limitation any other litigation or any business or
17  competitive purpose or function. Protected Material shall not be distributed, disclosed, or made
18  available to anyone except as expressly provided in this Order.

19  (b)  **Prosecution Bar.**  Absent the written consent of the Producing Party, any of
20  Plaintiff's attorneys (whether Outside Counsel or in-house) that actually receives Discovery
21  Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or
22  "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE"
23  shall not be involved in the prosecution of patent applications, including without limitation the
24  drafting, amending or supervision of the drafting or amending of patent claims, relating to the
25  subject of the Discovery Material before any foreign or domestic agency, including the United

1  States Patent and Trademark Office. This prohibition on patent prosecution shall begin when
2  access to Protected Material is first received by the affected individual, and shall end two (2)
3  years after the final resolution of this action, including all appeals. At the end of this matter,
4  upon request, counsel shall provide notice to the other party identifying all attorneys that actually
5  received Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS'
6  EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—
7  SOURCE CODE."

8  (c)  **Secure Storage.** Protected Material must be stored and maintained by a
9  Receiving Party at a location and in a secure manner that ensures that access is limited to the
10  persons authorized under this Order.

11  (d)  **Legal Advice Based on Protected Material.** Nothing in this Protective Order
12  shall be construed to prevent Counsel from advising their clients with respect to this litigation
13  based in whole or in part upon Protected Materials, provided counsel does not disclose the
14  Protected Material itself except as provided in this Order.

15  (e)  **Limitations.** Nothing in this Order shall restrict in any way the use or disclosure
16  of Protected Material by a Receiving Party (a) that is or has become publicly known through no
17  fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party
18  independent of the Producing Party; (c) that was previously produced, disclosed, and/or provided
19  by the Producing Party to the Receiving Party or a non-party without an obligation of
20  confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party or
21  (e) pursuant to Order of the Court.

22  7.  **DESIGNATING PROTECTED MATERIAL**

23  (a)  **Available Designations.** Any Producing Party may designate its own Discovery
24  Material with either of the following designations as provided for herein: "CONFIDENTIAL,"

25

1 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

2 CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE."

3       (b)    **Written Discovery, Documents, and Tangible Things.**  Written discovery,

4 documents, and tangible things that meet the requirements for the confidentiality designations

5 listed in Paragraphs 8(a) and 9(a) may be so designated by placing the appropriate designation on

6 every page of the written material prior to production or by labeling or otherwise communicating

7 the appropriate designation where it is not practicable to place the appropriate designation on

8 each page, such as in the case of electronic, native format documents.

9       (c)    **Deposition and Testimony.**  Counsel for Parties or testifying persons or entities

10 may designate portions of depositions and other testimony with the appropriate designation by

11 indicating on the record at the time the testimony is given or by sending written notice that such

12 testimony, identified by page number and line number, is so designated within ten (10) days of

13 receipt of the transcript of the testimony, unless a different time period is agreed to by counsel

14 for the Parties. Any designated Protected Material that is used in the taking of a deposition shall

15 remain subject to the provisions of this Protective Order, along with the transcript pages of the

16 deposition testimony dealing with such Protected Material.

17       (d)    In such cases, the court reporter shall be informed of this Protective Order and

18 shall be required to operate in a manner consistent with this Protective Order. In the event the

19 deposition is videotaped, the original and all copies of the videotape shall be marked by the

20 video technician to indicate that the contents of the videotape are subject to this Protective Order,

21 substantially along the lines of "This videotape contains confidential testimony used in this case

22 and is not to be viewed or the contents thereof to be displayed or revealed except by order of the

23 Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall

24 have the right to exclude from oral depositions any person who is not authorized by this

25 Protective Order to receive Protected Material based on the designation of such Protected

1 Material, other than the deponent, deponent's counsel, the reporter, and videographer (if any).

2 Such right of exclusion shall be applicable only during periods of examination or testimony

3 regarding such Protected Material.

4 **8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

5 (a) Discovery Material may be designated as "CONFIDENTIAL" if it contains or

6 reflects confidential, proprietary, and/or commercially sensitive information or with respect to

7 which the Producing Party has a written obligation of confidentiality. Such designation may be

8 made by the Producing Party at the time of production.

9 (b) Discovery Material designated as "CONFIDENTIAL" may be disclosed only to

10 the following:

11       (i) The Receiving Party's Outside Counsel and their staff;

12       (ii) Not more than three (3) representatives of the Receiving Party who are

13           officers or employees of the Party or an affiliate of the Party, who may be,

14           but need not be, in-house counsel for the Party, as well as their paralegals

15           and staff, to whom disclosure is reasonably necessary for this litigation.

16           For purposes of this provision, N5 is limited to not more than three (3)

17           representatives, and Capital One is limited to not more than three (3)

18           representatives;

19       (iii) Not more than three (3) representatives of each vendor of accused

20           technology who are officers or employees of the vendor or an affiliate of

21           the vendor, who may be, but need not be, in-house counsel for the vendor,

22           as well as their paralegals and staff, to whom disclosure is reasonably

23           necessary for this litigation;

24       (iv) Any expert or consultant retained by the Receiving Party to assist in this

25           action, provided that disclosure is only to the extent necessary to perform

1        such work; and provided that: (a) such person has signed the

2        acknowledgement form annexed hereto as Exhibit A agreeing to be bound

3        by the terms of this Protective Order, and (b) no unresolved objections to

4        such disclosure exist after proper notice has been given to all parties as set

5        forth in Paragraph 12(c) below;

6     (v)   Court reporters, stenographers, and videographers retained to record

7        testimony taken in this action;

8     (vi)   The Court, jury, and court personnel;

9     (vii)   Graphics, translation, design, and/or trial consulting services including

10        mock jurors retained by a Party;

11     (viii)   Any persons who appear on the face of Designated Material as an author,

12        addressee, or recipient thereof;

13     (ix)   Any mediator who is assigned to hear this matter, and his or her staff; and

14     (x)   Any other person with the prior written consent of the Producing Party.

15   (c)   All individuals who are provided with material designated as "CONFIDENTIAL"

16 under the terms of the Order shall be informed by counsel of record of the provisions of this

17 Order and shall agree to be bound by it.

18 **9.**    **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—**
        **ATTORNEYS' EYES ONLY"**

19

20   (a)   Discovery Material may be designated as "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential

21 and/or sensitive in nature, if the Producing Party reasonably believes in good faith that the

22 disclosure of such Discovery Material is likely to cause or create a risk of economic harm or

23 competitive disadvantage to the Producing Party or a third-party, and if the Producing Party

24 reasonably believes in good faith that disclosure, even for the purposes permitted with respect to

25

1  materials designated "CONFIDENTIAL," will not provide adequate protection to the interests of

2  the Producing Party. Such designation may be made by the Producing Party at the time of

3  production. The Parties agree that the following information, if non-public, shall be presumed to

4  merit the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation: trade

5  secrets, pricing information, financial data, sales information, sales or marketing forecasts or

6  plans, business plans, sales or marketing strategy, cost information, licensing of the Producing

7  Party's intellectual property, agreements with vendors, product development information,

8  engineering or other technical documents, testing documents, employee information, and other

9  non-public information of similar competitive and business sensitivity.

10  (b)  Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS'

11  EYES ONLY" may be disclosed only to the following:

12  (i)  Outside Counsel;

13  (ii)  One (1) representative of N5 who shall be Brian Seal, one (1)

14  representative of Capital One who shall be Brent Timberlake, and one (1)

15  representative of each vendor of the accused technology, who shall be

16  identified to counsel of record prior to disclosure.

17  (iii)  Any expert or consultant retained by the Receiving Party to assist in this

18  action, provided that disclosure is only to the extent necessary to perform

19  such work; and provided that: (a) such person has signed the

20  acknowledgement form annexed hereto as Exhibit A agreeing to be bound

21  by the terms of this Protective Order, and (b) no unresolved objections to

22  such disclosure exist after proper notice has been given to all parties as set

23  forth in Paragraph 12(c) below;

24  (iv)  Outside photocopying, data processing, or graphic production services

25  employed by the Parties or their counsel to assist in this litigation;

1            (v)     Court reporters, stenographers, and videographers retained to record

2                    testimony taken in this action;

3            (vi)     The Court, jury, and court personnel;

4            (vii)     Graphics, translation, design, and/or trial consulting services including

5                    mock jurors retained by a Party;

6            (viii)     Any persons who appear on the face of Designated Material as an author,

7                    addressee, or recipient thereof;

8            (ix)     Any mediator who is assigned to hear this matter, and his or her staff; and

9            (x)     Any other person with the prior written consent of the Producing Party. If

10                    counsel for the Receiving Party reasonably believes that disclosure of

11                    material is necessary to adequately advise their client concerning the

12                    merits of the case, the propriety of a particular proposed resolution or

13                    otherwise, Counsel for the Receiving Party seeking to disclose the

14                    material will notify the Producing Party's counsel of the specific material

15                    to be disclosed, the person to whom it sought to be disclosed and the need

16                    for the disclosure. Such disclosure will only occur where the Producing

17                    Party's counsel consents or the Court permits such disclosure.

18      (c)     All individuals who are provided with material designated as "HIGHLY

19 CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of this Order shall be

20 informed by counsel of record of the provisions of this Order and shall agree to be bound by it.

21 10.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE"**

22      (a)     Discovery Material may be designated as "HIGHLY CONFIDENTIAL—

23 OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE" if it contains or reflects

24 confidential, proprietary, and/or trade secret source code, the disclosure of which the Producing

25

1   Party reasonably believes in good faith is likely to cause or create a risk of economic harm or

2   competitive disadvantage to the Producing Party or a third-party.  Such designation may be made

3   by the Producing Party at the time of production.

4      (b)    Discovery Material designated as "HIGHLY CONFIDENTIAL—OUTSIDE

5   ATTORNEYS' EYES ONLY—SOURCE CODE" may be disclosed only to the following:

6           (i)    Outside Counsel, except that unless otherwise agreed no Outside Counsel

7               who is involved in competitive decision-making, as defined by *U.S. Steel*

8               *v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have

9               access to Discovery Material designated as "HIGHLY

10              CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE

11              CODE";

12         (ii)    One (1) expert or consultant retained by the Receiving Party to assist in

13              this action, provided that disclosure is only to the extent necessary to

14              perform such work; and provided that: (a) such person has signed the

15              acknowledgement form annexed hereto as Exhibit A agreeing to be bound

16              by the terms of this Protective Order, and (b) no unresolved objections to

17              such disclosure exist after proper notice has been given to all parties as set

18              forth in Paragraph 12(c) below;

19        (iii)   Outside photocopying, data processing, or graphic production services

20              employed by the Parties or their counsel to assist in this litigation;

21        (iv)   Court reporters, stenographers, and videographers retained to record

22              testimony taken in this action;

23        (v)    The Court, jury, and court personnel;

24        (vi)   Graphics, translation, design, and/or trial consulting services including

25              mock jurors retained by a Party;

1    (vii) Any persons who appear on the face of Designated Material as an author,

2      addressee, or recipient thereof;

3    (viii) Any mediator who is assigned to hear this matter, and his or her staff; and

4    (ix) Any other person with the prior written consent of the Producing Party.  If

5      counsel for the Receiving Party reasonably believes that disclosure of

6      material is necessary to adequately advise their client concerning the

7      merits of the case, the propriety of a particular proposed resolution or

8      otherwise, Counsel for the Receiving Party seeking to disclose the

9      material will notify the Producing Party's counsel of the specific material

10      to be disclosed, the person to whom it sought to be disclosed and the need

11      for the disclosure.  Such disclose will only occur where the Producing

12      Party's counsel consents or the Court permits such disclosure.

13  (c) All individuals who are provided with material designated as "HIGHLY

14 CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE" under the

15 terms of this Order shall be informed by counsel of record of the provisions of this Order and

16 shall agree to be bound by it.

17 11. **DISCLOSURE AND REVIEW OF SOURCE CODE**

18  (a) The following provisions apply to the production of Source Code that is

19 designated "HIGHLY  CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY—

20 SOURCE CODE," unless otherwise agreed by the Producing Party:

21  (b) All Source Code shall be made available by the Producing Party to the Receiving

22 Party in a secure room, on one secured, stand-alone computer (running a reasonably current

23 operating system) per software platform produced, without Internet access or network access to

24 other computers, as necessary and appropriate to prevent and protect against any unauthorized

25 copying, transmission, removal, or other transfer of any Source Code outside or away from the

1    computer on which the Source Code is provided for inspection (hereinafter "Confidential Source

2    Code Computer"). If it should be necessary, the Confidential Source Code Computer may be

3    configured by the Producing Party to run other mutually agreed upon operating systems. Except

4    as otherwise authorized by the Producing Party, no more than a total of five (5) individuals

5    identified by the Receiving Party shall have access to the secure room in which the Producing

6    Party produces its Source Code.

7         (c)      The Producing Party shall install tools that are sufficient for viewing and

8    searching the code produced, on the platform produced, if such tools exist and are presently used

9    in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel

10    and/or experts may request that commercially available software tools for viewing and searching

11    Source Code be installed on the secured computer, provided, however, that (a) the Receiving

12    Party possesses an appropriate license to such software tools; (b) the Producing Party approves

13    such software tools; and (c) such other software tools are reasonably necessary for the Receiving

14    Party to perform its review of the Source Code consistent with all of the protections herein. The

15    Receiving Party must provide the Producing Party with the CD or DVD containing such licensed

16    software tool(s) in advance of the date upon which the Receiving Party wishes to have the

17    additional software tools available for use on the Confidential Source Code Computer. Specific

18    tools may include but are not limited to: Visual Slick Edit, Source-Navigator, PowerGrep, and

19    ExamDiff Pro, or other similar programs. The Receiving Party shall not at any time use any

20    compilers, interpreters or simulators in connection with the Producing Party's Source Code.

21         (d)      The Producing Party shall make the Source Code available electronically and in

22    text searchable form in a secure room at the offices of the Producing Party's outside counsel as

23    defined in paragraph 2(b) or any other location mutually agreed by the parties.

24

25

1    (e)    In order to verify that its Source Code has not later been altered, the Producing

2  Party may benchmark the materials before and after they are provided but shall not install any

3  keystroke or other monitoring software on the Confidential Source Code Computer.

4    (f)    The Confidential Source Code Computer shall be made available from 9:00 a.m.

5  to 5:00 p.m. local time, Monday through Friday (excluding holidays).

6    (g)    Prior to the first inspection of any requested piece of Source Code, the Receiving

7  party shall provide advance notice of the Source Code that it wishes to inspect. The Receiving

8  Party shall identify any individual who will be given access to the Source Code at least ten (10)

9  days prior to the first time any such individual is given access to the Source Code, and, during

10  that 10-day period, the Producing Party may object to providing access to any persons so

11  identified. This "first time" review may span multiple days if necessary. The Receiving Party

12  shall provide five (5) days' notice any time each such individual is given access to the Source

13  Code after the first time, which access shall be only for good cause, although the parties will be

14  reasonable in accommodating notice of less than five (5) days. If an objection to an individual is

15  made by the Producing Party, it will be the burden of the Producing Party to prove that the

16  individual should not be authorized to inspect the Producing Party's Source Code.

17    (h)    Proper identification of all authorized persons shall be provided prior to any

18  access to the secure room or to the Confidential Source Code Computer. Proper identification

19  requires showing, at a minimum, a photo identification card sanctioned by the government of any

20  State of the United States, by the government of the United States, or by the nation state of the

21  authorized person's current citizenship. Access to the secure room or the Confidential Source

22  Code Computer may be denied, at the discretion of the Producing Party, to any individual who

23  fails to provide proper identification.

24    (i)    The Confidential Source Code Computer shall be equipped with a printer with

25  commercially reasonable printing speeds to print copies of the Source Code on watermarked pre-

1 | Bates numbered paper, which shall be provided by the Producing Party. The Receiving Party
2 | may print limited portions of the Source Code only when reasonably necessary to facilitate the
3 | Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall print
4 | only such portions as are relevant to the claims and defenses in the case and are reasonably
5 | necessary for such purpose. The Receiving Party shall not print Source Code in order to review
6 | blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that
7 | Source Code electronically on the Confidential Source Code Computer, as the parties
8 | acknowledge and agree that the purpose of the protections herein would be frustrated by printing
9 | portions of code for review and analysis elsewhere. If the Producing Party objects that the
10 | printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall
11 | make such objection known to the Receiving Party within five (5) days. Printed portions which
12 | exceed 50 continuous pages or 10% or more of a specific software release shall be presumed
13 | excessive and not done for a permitted purpose. If, after meeting and conferring, the Producing
14 | Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled
15 | to seek the Court's resolution of whether the printed Source Code in question is narrowly
16 | tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to
17 | demonstrate that such printed portions are no more than is reasonably necessary for a permitted
18 | purpose and not merely printed for the purposes of review and analysis elsewhere. Except as
19 | otherwise authorized by the Producing Party, no more than a total of ten (10) individuals
20 | identified by the Receiving Party shall have access to the printed portions of Source Code
21 | (except insofar as such code appears in any filing with the Court or expert report in this case).

22 |       (j)      The printed Source Code shall be labeled with "HIGHLY CONFIDENTIAL—
23 | OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE." Outside counsel for the
24 | Producing Party will keep the originals of these printed documents, and copies shall be made for
25 | outside counsel for the Receiving Party on watermarked paper within 72 hours. It is the

1 | responsibility of the Producing Party to ensure delivery of the printed documents to outside

2 | counsel for the Receiving Party within 72 hours.  The Receiving Party's outside counsel may

3 | make no more than two (2) additional paper copies of any portions of the Source Code received

4 | from a Producing Party, not including copies attached to court filings or used at depositions.

5 |     (k)    In addition to other reasonable steps to maintain the security and confidentiality of

6 | the Producing Party's Source Code, printed copies of the Source Code maintained by the

7 | Receiving Party must be kept in a locked storage container when not in use.  No electronic

8 | copies of the Source Code shall be provided by the Producing Party beyond the Confidential

9 | Source Code Computer.

10 |     (l)    Except as provided herein, absent express written permission from the Producing

11 | Party, the Receiving Party may not create electronic images, or any other images, or make

12 | electronic copies, of the Source Code from any paper copy of Source Code for use in any manner

13 | (including, by way of example only, the Receiving Party may not scan the Source Code to a PDF

14 | or photograph the code).  Images or copies of Source Code shall not be included in

15 | correspondence between the parties (references to production numbers shall be used instead),

16 | and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably

17 | believes that it needs to submit a portion of Source Code as part of a filing with the Court, the

18 | parties shall meet and confer as to how to make such a filing while protecting the confidentiality

19 | of the Source Code and such filing will not be made absent agreement from the supplier that the

20 | confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic

21 | copy of all or any portion of its Source Code or to provide written permission to the Receiving

22 | Party to produce an electronic or any other copy of Source Code for purposes of a court filing,

23 | the Receiving Party's communication and/or disclosure of electronic files or other materials

24 | containing any portion of Source Code (paper or electronic) shall at all times be limited solely to

25 | individuals who are expressly authorized to view Source Code under the provisions of this

1   Order, and all such individuals must be identified, in accordance with paragraph 11(q), on the
2   Confidential Source Code Access Log as reviewers and/or recipients of paper copies. In the case
3   where the Producing Party has provided the express written permission required under this
4   provision for a Receiving Party to create electronic copies of Source Code, the electronic copies
5   shall be included on the log required by paragraph 11(q); and any other information required by
6   paragraph 11(q) shall be included on the log. Additionally, any such electronic copies must be
7   labeled "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE
8   CODE" as provided for in this Order.

9           (m)     For depositions, the Receiving Party shall not bring copies of any printed Source
10   Code. Rather, at least five (5) days before the date of the deposition, the Receiving Party shall
11   notify the Producing Party about the specific portions of Source Code it wishes to use at the
12   deposition, and the Producing Party shall bring printed copies of those portions to the deposition
13   for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits
14   shall not be provided to the court reporter or attached to deposition transcripts; rather, the
15   deposition record will identify the exhibit by its production numbers. All paper copies of Source
16   Code brought to the deposition shall be returned to the Producing Party and securely destroyed in
17   a timely manner following the deposition.

18           (n)     Other than the Confidential Source Code Computer and printer provided by the
19   Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip
20   drives or other hardware, shall be permitted in the secure room. Nor shall any cellular
21   telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones,
22   telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices
23   capable of similar functionality shall be permitted in the secure room. The Receiving Party shall
24   be entitled to take notes relating to the Source Code but may not copy the Source Code into the
25   notes and may not take such notes electronically on the Confidential Source Code Computer

1 itself or any other computer. No copies of all or any portion of the Source Code may leave the
2 room in which the Source Code is inspected except as otherwise provided herein. Further, no
3 other written or electronic record of the Source Code is permitted except as otherwise provided
4 herein. The Producing Party may visually monitor the activities of the Receiving Party's
5 representatives during any Source Code review, but only to ensure that no unauthorized records
6 of the Source Code and no information concerning the Source Code are being created or
7 transmitted in any way.

8     (o)    Other than as provided in paragraph 11(n), the Receiving Party will not copy,
9 remove, or otherwise transfer any Source Code from the Confidential Source Code Computer
10 including, without limitation, copying, removing, or transferring the Source Code onto any
11 recordable media or recordable device, including without limitation sound recorders, computers,
12 cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. The
13 Receiving Party will not transmit any Source Code in any way from the Producing Party's
14 facilities or the offices of the Producing Party's outside counsel.

15     (p)    Unless otherwise agreed in advance by the parties in writing, following each day
16 on which inspection of Source Code is done under this Order, the Receiving Party's outside
17 counsel and/or experts shall remove all notes, documents, and all other materials from the secure
18 room. The Producing Party shall not be responsible for any items left in the room following each
19 inspection session, and the Receiving Party shall have no expectation of confidentiality for any
20 items left in the room following each inspection session without a prior agreement to that effect.

21     (q)    The Receiving Party shall maintain a Confidential Source Code Access Log
22 identifying each hard copy (or electronic copy as permitted by paragraph 11(l)) of Source Code
23 that it has in its possession and, for each and every time the hard copy (or electronic copy as
24 permitted by paragraph 11(l)) of the Source Code is viewed, the following additional
25 information: (i) the name of each person who viewed the Source Code; and (ii) whether any

1  portion of the Source Code was copied and, if so, what portion was copied. The Producing Party

2  shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

3  Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues

4  in the above-captioned action, the Receiving Party must serve upon the Producing Party the

5  Confidential Source Code Access Log. Additionally, within thirty (30) days after the issuance of

6  a final, non-appealable decision resolving all issues in the action, all persons to whom the paper

7  copies of the Source Code were provided must certify in writing that all copies of the Source

8  Code were returned to Counsel of Record for the Producing Party and that they will make no use

9  of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

10  (r)  Nothing herein shall be deemed a waiver of a party's right to object to the

11  production of Source Code. Absent a subsequent and specific court or agency order, nothing

12  herein shall obligate a party to breach any non-party license agreement relating to such Source

13  Code.

14  (s)  The parties further acknowledge that some or all of the Source Code may be

15  owned by non-parties and not in a party's possession, custody, or control. Nothing herein shall

16  be deemed a waiver of any non-party's right to object to the production of Source Code or object

17  to the manner of any such production.

18  (t)  Any consultant or expert retained on behalf of a Receiving Party who is to be

19  given access to a Producing Party's Source Code — whether in electronic form or otherwise —

20  must agree in writing not to write source code directly intended for commercial purposes relating

21  to the technology at issue in this action for a period of six (6) months after the issuance of a final,

22  non-appealable decision resolving all issues in the action. This shall not preclude such

23  consultants and experts from any academic work or consulting in future litigation, so long as

24  such consulting does not involve writing source code directly intended for commercial purposes

25  relating to the technology at issue in this action.

1 | 12. **EXPERTS AND CONSULTANTS**

2      (a)     Experts or consultants receiving Protected Material shall not be a current officer,
3 director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of
4 retention to become an officer, director, or employee of a Party or of a competitor of a Party.

5      (b)     Prior to disclosing any Protected Material to any outside experts or consultants,
6 the party seeking to disclose such information shall provide the Producing Party or Parties with
7 written notice that includes: (i) the name of the person; (ii) the present employer and title of the
8 person; (iii) an up-to-date curriculum vitae of the person; and (iv) a list of the cases in which the
9 person has testified at deposition or trial in the last four (4) years.

10      (c)     Within three (3) calendar days of receipt of the disclosure of the proposed outside
11 expert or consultant, the Producing Party or Parties may object in writing to the proposed outside
12 expert or consultant for good cause. In the absence of an objection at the end of the three (3)
13 calendar day period, the person shall be deemed approved under this Protective Order. There
14 shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this
15 three (3) calendar day period. If the Producing Party objects to disclosure to the expert or
16 consultant within such three (3) calendar day period, the parties shall meet and confer via
17 telephone or in person within three (3) calendar days following the objection and attempt in good
18 faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party
19 objecting to the disclosure will have three (3) calendar days from the date of the meet and confer
20 to seek relief from the Court. If relief is not sought from the Court within that time, the objection
21 shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the
22 proposed expert or consultant in question until the objection is resolved by the Court.

23      (d)     For purposes of this section, "good cause" shall include an objectively reasonable
24 concern that the proposed outside expert or consultant will, advertently or inadvertently, use or

25

1  disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained
2  in this Order.

3      (e)     Prior to receiving any Protected Material under this Order, the proposed outside
4  expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order"
5  (Exhibit A hereto).

6  13.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

7      (a)     A Party shall not be obligated to challenge the propriety of any designation of
8  Discovery Material under this Order at the time the designation is made, and a failure to do so
9  shall not preclude a subsequent challenge thereto.  Moreover, failure to challenge the designation
10 of any Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—
11 ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
12 EYES ONLY—SOURCE CODE" shall not in any way constitute an admission that such
13 material contains any competitively sensitive information, trade secret information, or other
14 protectable material.

15     (b)     Any challenge to a designation of Discovery Material under this Order shall be
16 written, shall be served on Outside Counsel for the Producing Party, and shall particularly
17 identify the documents or information that the Receiving Party contends should be differently
18 designated and the grounds for the objection.  Thereafter, further protection of such material
19 shall be resolved in accordance with the following procedures:

20           (i)     The objecting party shall have the burden of conferring either in person, in
21                  writing, or by telephone with the Producing Party claiming protection (as
22                  well as any other interested party) in a good faith effort to resolve the
23                  dispute.  The designating party shall have the burden of justifying the
24                  disputed designation;

25

      (ii)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

      (iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14. SUBPOENAS OR COURT ORDERS

(a)    If at any time Protected Material is subpoenaed by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

## 15. FILING PROTECTED MATERIAL UNDER SEAL

This Protective Order does not prospectively authorize sealed filings. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Material, or which contain information so designated, shall be filed under seal only in the manner prescribed by the Court for such filings, including complying with the Court's Local Rule 5.

1 16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

2 (a) The inadvertent production by a party of Discovery Material subject to the

3 attorney-client privilege, work-product protection, or any other applicable privilege or protection

4 will not waive the applicable privilege and/or protection if a request for return of such

5 inadvertently produced Discovery Material is made promptly after the Producing Party learns of

6 its inadvertent production.

7 (b) Upon a request from any Producing Party who has inadvertently produced

8 Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

9 immediately return such Protected Material or Discovery Material and all copies to the

10 Producing Party.

11 (c) Nothing herein shall prevent the Receiving Party from preparing a record for its

12 own use containing the date, author, addresses, and topic of the inadvertently produced

13 Discovery Material and such other information as is reasonably necessary to identify the

14 Discovery Material and describe its nature to the Court in any motion to compel production of

15 the Discovery Material.

16 17. **INADVERTENT FAILURE TO DESIGNATE**

17 (a) The inadvertent failure by a Producing Party to designate Discovery Material as

18 Protected Material with one of the designations provided for under this Order shall not waive any

19 such designation provided that the Producing Party notifies all Receiving Parties that such

20 Discovery Material is protected under one of the categories of this Order within ten (10) days of

21 the Producing Party learning of the inadvertent failure to so designate.

22 (b) A Receiving Party shall not be in breach of this Order for any use of such

23 Discovery Material before the Receiving party receives notice of the inadvertent failure to

24 designate. Once a Receiving Party has received notice of the inadvertent failure to designate

25

1 | pursuant to this provision, the Receiving Party shall treat such Discovery Material at the

2 | appropriately designated level pursuant to the terms of this Protective Order.

3 | 18. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

4 |     (a)     In the event of a disclosure of any Discovery Material pursuant to this Order to

5 | any person or persons not authorized to receive such disclosure under this Protective Order, the

6 | party responsible for having made such disclosure, and each party with knowledge thereof, shall

7 | immediately notify counsel for the Producing Party whose Discovery Material has been

8 | disclosed and provide to such counsel all known relevant information concerning the nature and

9 | circumstances of the disclosure. The responsible disclosing party shall also promptly take all

10 | reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that

11 | no further or greater unauthorized disclosure and/or use thereof is made.

12 |     (b)     Unauthorized or inadvertent disclosure does not change the status of Discovery

13 | Material or waive the right to hold the disclosed document or information as Protected.

14 | 19. **FINAL DISPOSITION**

15 |     (a)     Not later than ninety (90) days after the final disposition of this litigation,

16 | (including after any appeals), all persons having received Discovery Material designated as

17 | "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

18 | "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE"

19 | shall return such Discovery Material and all copies thereof (including summaries and excerpts)

20 | to counsel for the Producing Party, or shall certify destruction thereof. All Discovery Material

21 | returned to the parties or their counsel by the Court likewise shall be disposed of in accordance

22 | with this paragraph.

23 |     (b)     Notwithstanding the provisions for return of Discovery Material, Outside Counsel

24 | may retain court papers, trial exhibits, deposition and trial transcripts, correspondence including

25 | email correspondence, and attorney and consultant work product (including court papers,

1  transcripts, and attorney and consultant work product that contain information or material

2  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

3  ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—

4  SOURCE CODE"), and one copy of documents produced by the opposing party designated as

5  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

6  "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE,"

7  provided that such counsel, and employees of such counsel, shall not disclose any information

8  and material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'

9  EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—

10  SOURCE CODE" contained in such court papers, transcripts, correspondence, attorney work

11  product, or documents to any person or entity except pursuant to a written agreement with the

12  Producing Party of the information or material or to an order of this Court.

13  20.  **MISCELLANEOUS**

14  (a)  **Right to Further Relief.** Nothing in this Order abridges the right of any person

15  to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not

16  waive the right to argue that certain material may require additional or different confidentiality

17  protections than those set forth herein.

18  (b)  **Termination of Litigation and Retention of Jurisdiction.** The Parties agree

19  that the terms of this Protective Order shall survive and remain in effect after the termination of

20  the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to

21  hear and resolve any disputes arising out of this Protective Order.

22  (c)  **Successors.** This Order shall be binding upon the Parties hereto, their attorneys,

23  and their successors, executors, personal representatives, administrators, heirs, legal

24  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

25  experts, and any persons or organizations over which they have direct control.

1      (d)    **Right to Assert Other Objections**. By stipulating to the entry of this Protective

2  Order, no Party waives any right it otherwise would have to object to disclosing or producing

3  any information or item. Similarly, no Party waives any right to object on any ground to use in

4  evidence of any of the material covered by this Protective Order. This Order shall not constitute

5  a waiver of the right of any party to claim in this action or otherwise that any Discovery

6  Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible

7  in evidence in this action or any other proceeding.

8      (e)    **Burdens of Proof**. Notwithstanding anything to the contrary above, nothing in

9  this Protective Order shall be construed to change the burdens of proof or legal standards

10  applicable in disputes regarding whether particular Discovery Material is confidential, which

11  level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what

12  restrictions should apply.

13      (f)    **Modification by Court**. This Order is subject to further Court order based upon

14  public policy or other considerations, and the Court may modify this Order *sua sponte* in the

15  interests of justice.

16      **RESPECTFULLY SUBMITTED, THROUGH COUNSEL OF RECORD**

17  DATED: 7/9/2013

18                         Stewart Kellar
                             Attorney for Plaintiff N5 Technologies,

19                         LLC

20  Capital One does not oppose this Protective Order.    (Confirmed by Counsel Joseph Benz III)

21      **PURSUANT TO STIPULATION, IT IS SO ORDERED**

22  DATED: 8/9/13

23

24                    IT IS SO ORDERED
                    AS MODIFIED    Chen

25                                     Judge

                  Judge Edward M. Chen    District

PROTECTIVE ORDER

1                               **EXHIBIT A:**

2                    **CONSENT TO PROTECTIVE ORDER**

3         I, _____, acknowledge and declare that I have received a copy

4 of the Protective Order ("Order") in N5 Technologies, LLC v. Capital One Financial Corporation

5 et al, pending in United States District Court, Eastern District of Virginia, Alexandria Division,

6 Civil Action No. 1:13-cv-386-TSE-TCB. Having read and understood the terms of the Order, I

7 agree to be bound by the terms of the Order and consent to the jurisdiction of the Court for the

8 purpose of any proceeding to enforce the terms of the Order.

9         Name of individual: _____

10        Present occupation / job description: _____

11     _____

12        Name of Company or Firm: _____

13        Address: _____

14

15     Dated: _____       _____

16                              [Print Name]

17

18                              [Signature]

19

20

21

22

23

24

25

1

## PROOF OF SERVICE

2     I am, and was at all times herein mentioned, employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within entitled action. I am
3 employed at 222 Front Street, Fifth Floor, San Francisco, California 94111.

4     On **July 9, 2013**, I served the attached **[PROPOSED] Protective Order** on the interested parties in this action as follows:

5

6     *Craig C. Reilly VSB # 20942*
*111 Oronoco Street*
*Alexandria, Virginia 22314*
7     *Tel:    (703) 549-5354*
*Fax:    (703) 549-2604*
8     *E-mail: craig.reilly@ccreillylaw.com*

9

*Derek J. Jardieu*
*DC Bar No. 472602*
*Panovia Group LLP*
*1629 K St. NW Suite 300*
*Washington, DC 20006*
*Tel:    (202) 297-2767*
*Fax:    (202) 331-3759*
*E-mail: djardieu@panoviagroup.com*

10     *Brian M. Buroker*
*Sarah J. Sladic (V.A. Bar No. 73421)*
11     *Matthew F. Chandler (Pro Hac Vice)*
*GIBSON, DUNN & CRUTCHER LLP*
12     *1050 Connecticut Avenue, N.W.*
*Washington, DC 20036-5306*
13     *Email: BBuroker@gibsondunn.com*

*James A. Fussel, III*
*Spangler & Fussell P.C.*
*211 N. Union Street, Suite 100*
*Alexandria, Virginia 22314*
*Tel:    (903) 753-9300*
*Fax:    (903) 553-0403*
*E-mail: fussell@sfpfirm.com*

14     *E. Joseph Benz III (Pro Hac Vice)*
*Robin McGrath (Pro Hac Vice)*
15     *PAUL HASTINGS LLP*
*1170 Peachtree Street, N.E., Suite 100*
16     *Atlanta, GA 30309*
*E-mail: joebenz@paulhastings.com*
17     *E-mail: robinmcgrath@paulhastings.com*

*Allan M. Soobert (V.A. Bar No. 35817)*
*PAUL HASTINGS LLP*
*875 15th Street, N.W.*
*Washington, DC 20005*
*Tel: (202) 551-1700*
*Fax: (202) 551-0222*
*E-mail: allansoobert@paulhastings.com*

18

19

20     ☐     **BY MAIL**: I placed true and correct copies of the above documents in a sealed envelope (or envelopes) addressed to the addressee(s) with postage thereon fully prepaid in the United States mail in the City and County of San Francisco, California.
21     ☐     **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I
22     caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).
☐     **BY FEDERAL EXPRESS**: I caused true and correct copies of the above documents to
23     be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered to Federal Express overnight courier service to
24     the office(s) of the addressee(s).
☐     **BY FACSIMILE**: I caused a copy (or copies) of such document(s) to be sent via
25     facsimile transmission to the office(s) of the address(s).

1     ☒     **BY ELECTRONIC MAIL**: I caused a true and correct copy of the above document to be
           sent via electronic mail to the addresses listed above pursuant stipulation between the
2            parties.

3

4        I am "readily familiar" with the firm's practice of collecting and processing correspondence for
mailing, that the correspondence would be deposited with the U.S. Postal Service on the same day in the
ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if
5 postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
the affidavit.

6

7        I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct and that this declaration was executed on **July 9, 2013**, at San Francisco, California.

8

9                                    _____
                                       STEWART KELLAR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25